**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**

**LEWIS M. IRVING,**                        :        **CHAPTER 11**

**Debtor**

                                                            : **BANKRUPTCY NO. 19-13930**

**ORDER SUR MOTION OF BANK OF LSC19, LLC ("LSC") FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. SECTIONS 361 AND 363(e)**

AND NOW, this ____ day of August, 2019, upon consideration of the aforementioned Motion of LSC, and the Answer of the Debtor thereto, it is hereby ORDERED that the above-referenced Motion is DENIED.

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re:**

**LEWIS M. IRVING,**                : **CHAPTER 11**

**Debtor**

: **BANKRUPTCY NO. 19-13930**

### DEBTOR'S ANSWER TO MOTION OF LSC19, LLC ("LSC") FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. SECTIONS 361 AND 363(e), WITH AFFIRMATIVE DEFENSES

1. The allegations of the paragraphs 1-4, and 7 through 27 of the Motion are admitted.

2. All of the other allegations of the Motion are denied, denied as stated, or allegations of conclusions law, to which no answer is required. Strict proof of any allegations are demanded at any hearing on the Motion if they are deemed relevant.

### AFFIRMATIVE DEFENSES

3. Conspicuous by their absence from the Motion are any description of the real property allegedly security for the Mortgages, Notes, and other security documents, or any estimate of the value of this property, and the records of payments by the Debtor to the Movant's predecessor, which are all considerations crucial to disposition of the Motion.

4. The Debtor believes that the secured property is 2500 Concord Road, Chester, PA. 19013, which is a 12-acre parcel of land which is partially a cemetery with bodies in numerous plots and partially a parcel of open land which can be used for future grave sites.

5. It is not clear that portions of the property on which graves are situate can be executed or sold.

6. The Debtor believes that the entire property which is security for these obligations is

worth approximately $5 million.

7. The Movant does not allege the amount of its claim, but it is believed that it never exceeded $1 million. In the course of negotiations over the past three years with the Movant's predecessor, the Debtor paid approximately $500,000, and it was agreed that the total claim could be resolved by the Debtor's obtaining a loan for a total of about $277,000 and remitting the proceeds to the lender.

8.. In light of all of the foregoing allegations of omitted relevant facts, it is clear that the Movant's interests in the secured property are adequately protected by a huge equity cushion, and any demands for payment to provide adequate protection for the Movant's interest in the secured property are not justified.

9. Nevertheless, the Debtor recognizes that, in order to induce the Movant to agree to treatment of its claim in a Chapter 11 plan, the Debtor must propose a fair and equitable treatment of the Movant's claim, and he is ready, willing, and able to enter into negotiations with the Movant pursuant to which an agreement for resolution of the Movant's claim in the Debtor's Chapter 11 plan can be accomplished.

WHEREFORE, the Debtor requests that this court will deny the Motion, but the Debtor expresses an interest in negotiating with the Movant regarding its treatment in a Chapter 11 plan.

_____

\-             /s/DAVID A. SCHOLL

512 Hoffman Street

Philadelphia, PA. 19148

610-550-1765

Proposed Attorney for Debtor