United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                              Case No. 19-13930-amc
Lewis M. Irving                                                                                     Chapter 11
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: Christina    Page 1 of 1    Date Rcvd: Aug 22, 2019
                    Form ID: pdf900    Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 24, 2019.
db            +Lewis M. Irving,    278 Thornton Road,    Thornton, PA 19373-1059
aty           +KEVIN M CAPUZZI,    Benesch,Friedlander,Coplan and Aronoff,    222 Delaware Avenue,    Suite 801,
              Wilmington, DE 19801-1611

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 24, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 22, 2019 at the address(es) listed below:
        DANIEL CHRISTOPHER KERRICK    on behalf of Creditor    Wilmington Savings Fund Society, FSB
         dckerrick@dkhogan.com,    gdurstein@dkhogan.com
        DAVID A. SCHOLL    on behalf of Debtor Lewis M. Irving judgescholl@gmail.com
        KEVIN G. MCDONALD    on behalf of Creditor    Metropolitan Life Insurance Company, at c/o Bayview
         loan Servicing bkgroup@kmllawgroup.com
        KEVIN P. CALLAHAN    on behalf of U.S. Trustee    United States Trustee kevin.p.callahan@usdoj.gov
        MICHAEL JASON BARRIE    on behalf of Creditor    LSC19, LLC mbarrie@beneschlaw.com,
         debankruptcy@beneschlaw.com;jhoover@beneschlaw.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                               TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>LEWIS M. IRVING,<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. 19-13930-amc |

### STIPULATION REGARDING INTERIM ADEQUATE PROTECTION

Lewis M. Irving (the "Debtor") and LSC19, LLC, ("Lender") as successor in interest to The Bancorp Bank (the "Original Lender") (the Lender and the Debtor being collectively referred to herein as the "Parties") hereby stipulate and agree as follows, subject to approval by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

### RECITALS

**The $100,000 Loan**

WHEREAS, on or about December 28, 2005, Original Lender made a loan to the Debtor and non-debtor B. Vivian Irving a/k/a Bernice V. Irving ("Ms. Irving") in the initial principal amount of $100,000.00, which was identified as Loan No. xxxxx8154 (the "$100,000 Loan");

WHEREAS, to evidence their indebtedness under the $100,000 Loan, on or about December 28, 2005, the Debtor and Ms. Irving executed in favor of, and delivered to, Original Lender a Business Loan Agreement (the "$100,000 Loan Agreement");

WHEREAS, to further evidence their indebtedness under the $100,000 Loan, on or about December 28, 2005, the Debtor and Ms. Irving executed in favor of, and delivered to, Original Lender a Promissory Note in the principal amount of $100,000.00 (the "$100,000 Note").

WHEREAS, to secure the observance, payment, and performance of their obligations under the $100,000 Loan, on or about December 28, 2005, the Debtor and Ms. Irving executed in

12584247 v1

favor of, and delivered to, Original Lender a Commercial Security Agreement (the "$100,000 Security Agreement");

WHEREAS, to further secure the observance, payment, and performance of their obligations under the $100,000 Loan, on or about November 17, 2010, the Debtor executed in favor of, and delivered to, Original Lender an Open-End Mortgage and Security Agreement, which was duly recorded with the Recorder of Deeds of Delaware County, Pennsylvania (the "Recorder") on February 11, 2011, under Instrument No. 2011009303 (the "$100,000 Mortgage");

WHEREAS, the $100,000 Mortgage encumbers all that certain tract, lot, and parcel of land lying and being in the Township of Chester, County of Delaware, Commonwealth of Pennsylvania, commonly known as 2500 Concord Road, Chester Township, Pennsylvania 19013, and also identified as Parcel No. 07-00-00256-00, including, all present and future Improvements, Appurtenances, Rents, Building Equipment, Awards, and Licenses (as defined in the $100,000 Mortgage) related to the above-described premises (collectively, the "Mortgaged Property");

WHEREAS, to further secure the observance, payment, and performance of their obligations under the $100,000 Loan, on or about November 17, 2010, the Debtor executed in favor of, and delivered to, Original Lender an Assignment of Rents and Leases, which was duly recorded with the Recorder on February 11, 2011, under Instrument No. 2011009304 (the "$100,000 Assignment of Rents");

WHEREAS, the $100,000 Assignment of Rents encumbers, *inter alia*, "all rents, revenues, income, proceeds . . . [,] profits, security and other types of deposits, and other benefits paid or payable" related to, among other things, the use, lease, license, possession, operation, or enjoyment of the Mortgaged Property (collectively, the "Rents"); and

WHEREAS, all of the foregoing documents related to the $100,000 Loan, including, without limitation, the $100,000 Loan Agreement, the $100,000 Note, the $100,000 Security Agreement, the $100,000 Mortgage, and the $100,000 Assignment of Rents, together with all other documents evidencing, governing, securing, pertaining to, or guarantying the $100,000 Loan, are collectively referred to as the "$100,000 Loan Documents."

**The $850,000 Loan**

WHEREAS, also on or about December 28, 2005, Original Lender made a loan to the Debtor and Ms. Irving in the initial principal amount of $850,000.00, which was identified as Loan No. xxxxx8162 (the "$850,000 Loan");

WHEREAS, to evidence their indebtedness under the $850,000 Loan, on or about December 28, 2005, the Debtor and Ms. Irving executed in favor of, and delivered to, Original Lender a Promissory Note in the principal amount of $850,000.00 (the "$850,000 Note");

WHEREAS, to secure the observance, payment, and performance of their obligations under the $850,000 Loan, on or about December 28, 2005, the Debtor, Ms. Irving, and non-debtor Michael L. Irving executed in favor of, and delivered to, Original Lender an Open-End Mortgage, which was duly recorded with the Recorder on July 27, 2006, under Instrument No. 2006069879 (the "$850,000 Mortgage");

WHEREAS, the $850,000 Mortgage also encumbers the same Mortgaged Property as the $100,000 Mortgage;

WHEREAS, to further secure the observance, payment, and performance of their obligations under the $850,000 Loan, on or about December 28, 2005, the Debtor, Ms. Irving, and Michael L. Irving executed in favor of, and delivered to, Original Lender an Assignment of Rents,

3

which was duly recorded with the Recorder on July 27, 2006, under Instrument No. 2006069881 (the "$850,000 Assignment of Rents");

WHEREAS, the $850,000 Assignment of Rents also encumbers the same Rents as the $100,000 Assignment of Rents;

WHEREAS, all of the foregoing documents related to the $850,000 Loan, including, without limitation, the $850,000 Note, the $850,000 Mortgage, and the $850,000 Assignment of Rents, together with all other documents evidencing, governing, securing, pertaining to, or guarantying the $850,000 Loan, are collectively referred to as the "$850,000 Loan Documents" (and the $100,000 Loan Documents and the $850,000 Loan Documents are collectively referred to herein as the "Loan Documents");

WHEREAS, on or about December 29, 2014, the Loan Documents were assigned by Original Lender to Walnut Street 2014-1 Issuer LLC; and

WHEREAS, on or about June 13, 2019, the Loan Documents were assigned by Walnut Street 2014-1 Issuer LLC to Lender.

**The Judgments**

WHEREAS, on or about April 17, 2013, Original Lender initiated a lawsuit against the Debtor and Ms. Irving in the Court of Common Pleas of Delaware County (the "State Court"), Docket No. 2013-3654 (the "Money Damages Action"), seeking money damages associated with the Debtor and Ms. Irving's defaults under the $100,000 Loan and the $850,000 Loan (collectively, the "Loans");

WHEREAS, on or about October 10, 2013, Original Lender filed a Complaint in Foreclosure in the State Court, Docket No. 2013-9899 (the "Foreclosure Action"), seeking a judgment of foreclosure related to the Mortgaged Property that served as collateral for the Loans;

4

WHEREAS, on or about October 13, 2015, after a two-day non-jury trial, Original Lender obtained a Judgment of Foreclosure in the Foreclosure Action in the amount of $1,079,799.94 (the "Foreclosure Judgment");

WHEREAS, on or about April 1, 2016, Original Lender obtained a judgment against the Debtor and Ms. Irving in the Money Damages Action in the amount of $1,079,799.94 (the "Money Damages Judgment" and, together with the Foreclosure Judgment, the "Judgments");

WHEREAS, following entry of the Judgments (and for several years thereafter), Original Lender undertook extensive efforts to resolve the Judgments prior to exposing the Mortgaged Property for sheriff sale (as discussed in Lender's *Motion of LSC19, LLC for Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363(e)* (the "Motion") filed with the Court ); and

WHEREAS, following several years of unsuccessful attempts by Original Lender to amicably resolve the Judgments, on or about June 13, 2019, contemporaneously with the Loan Documents, the Judgments were assigned to Lender.

**The Bankruptcy**

WHEREAS, on June 19, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") in the Court;

WHEREAS, on July 1, 2019, Lender filed the Motion [Docket No. 15], which the Debtor has opposed [Docket No. 23];

WHEREAS, the Motion is scheduled to be heard by the Court on August 7, 2019 (the "Hearing");

WHEREAS, on August 5, 2019, Lender filed a proof of claim against the Debtor, asserting a prepetition claim in the amount of $1,363,872.58 (the "Prepetition Claim");

5

WHEREAS, Lender asserts that the Prepetition Claim is valid, existing, and legally enforceable and is evidenced by the Loan Documents;

WHEREAS, Lender asserts that the Prepetition Claim is secured by properly perfected and unavoidable first priority liens and security interests in the Mortgaged Property, the Rents, and substantially all of the personal property located on the Mortgaged Property (collectively, the "Collateral");

WHEREAS, Lender asserts that it holds valid, enforceable, and allowable claims against the Debtor, as defined in Section 101 of the Bankruptcy Code, as of 5:00 p.m. EST on the Petition Date, pursuant to the Loan Documents and applicable law, in an amount not less than the Prepetition Claim; and

WHEREAS, Lender has agreed to adjourn the Hearing and the Debtor has agreed to provide interim adequate protection payments to the Lender on account of its Prepetition Claim in accordance with the terms of this Stipulation.

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. The Hearing on the Motion shall be adjourned to September 18, 2019;

2. As adequate protection for Lender's Prepetition Claim, the Debtor shall make the following payments to Lender:

   a. $2,500.00 within 3 business days after entry of the Order approving this Stipulation;

   b. $2,500.00 on or before August 30, 2019; and

   c. $2,500.00 on or before September 30, 2019.[1]

---

[1] The payments shall be delivered to Lender c/o Kevin M. Capuzzi, Benesch, Friedlander, Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, Delaware 19081.

3.  Upon no less than five (5) business days' prior notice, the Debtor shall provide to Lender's representative(s) reasonable access to the Mortgaged Property during normal business hours.

4.  The Debtor shall maintain all property and/or liability insurance coverages required to be maintained pursuant to the Loan Documents and shall provide proof thereof to Lender within five (5) business days.

5.  This Stipulation and Order is interim in nature and without prejudice to Lender's right to seek higher adequate protection payments and/or additional forms of adequate protection. Nothing herein shall be used to prejudice Lender, including its rights or claims, nor shall it be used as evidence of the appropriate form or amount of adequate protection to Lender.

6.  Nothing herein is intended to, or shall be deemed to be, a consent to the use of Lender's cash collateral.

[*Remainder of Page Intentionally Blank*]

7. The Court shall retain exclusive jurisdiction over the enforcement, implementation, or interpretation of this Stipulation.

Dated: August 19, 2019

| LSC19, LLC | LEWIS M. IRVING |
|---|---|
| */s/ Kevin M. Capuzzi* | */s/ David A. Scholl* |
| By: Kevin M. Capuzzi, its counsel | By: David A. Scholl, his proposed counsel |

IT IS SO ORDERED.

BY THE COURT:

**Date: August 22, 2019**

_____
THE HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

8