IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

In re:  LEWIS M. IRVING, Debtor             :      CHAPTER 11

: BANKRUPTCY NO. 19-13930

### ORDER GRANTING DEBTOR'S MOTION TO COMPEL LSC19, LLC TO RESPOND TO REQUESTS FOR DISCOVERY FROM LSC19, LSC19, LSC RELEVbyANT TO THE DEBTOR'S OBJECTIONS TO ITS PROOF OF CLAIM IN THIS BANKRUPTCY CASE

AND NOW, this        day of November, 2019, upon consideration of the aforementioned Motion of the Debtor, and any response thereto by LSC19, LLC, it is hereby ORDERED as follows:

1. The above-referenced Motion is GRANTED.

2. LSC19, LLC shall provide full and complete responses to the Debtor's Requests for Discovery on or before_____.

3. LSC19, LLC shall pay to David A. Scholl, Esq. the amount of $_____ as his expenses in prosecuting this Motion.

.

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

In re: LEWIS M. IRVING, Debtor  :  CHAPTER 11

: BANKRUPTCY NO. 19-13930

**DEBTOR'S MOTION TO COMPEL LSC19, LLC TO RESPOND TO REQUESTS FOR DISCOVERY FROM LSC19, LLC RELEVANT TO THE DEBTOR'S OBJECTIONS TO ITS PROOF OF CLAIM IN THIS BANKRUPTCY CASE**

The Debtor in this Chapter 11 bankruptcy case, Lewis M. Irving ("the Debtor"), now comes and requests relief from creditor LSC19, LLC ("LSC") that, pursuant to Federal Rules of Bankruptcy Procedure 7037, incorporating Federal Rule of Civil Procedure ("FRCP") 37, compelling LSC to respond to certain discovery and for sanctions therefor, alleging as follows:

1. The Debtor filed this Chapter 11 bankruptcy case on June 19, 2019.

2. On July 1, 2019, LSC filed a Motion for Adequate Protection ("thr a Motion") against the Debtor. This Motion has been the subject of two interim Stipulations, and is scheduled for a hearing on November 13, 2019.

3. On August 25, 2019, the Debtor filed an Objection to the Proof of Claim (No. 9) filed by LSC ("the Objection"). The hearing on that matter has also been scheduled for a hearing on November 13, 2019.

4. On August 29, 2019, the Debtor served a modest set of discovery upon LSC, demanding a response by September 30, 2019. A copy of this discovery is attached hereto as Exhibit "A."

5. On October 3, 2019, LSC served "Responses and Objections" to the Debtor's discovery, a copy of which is attached hereto as Exhibit "B." Notably, the only discovery request to which a response was provided was part of paragraph 1 of the discovery, the date of the transfer of the underlying obligation to LSC. No response was provided to the consideration paid by LSC to obtain the obligation, or the alleged value of the secured property, or whether LSC believed that it could execute on those portions of the secured property containing burial sites.
property.

6. The information requested in discovery by the Debtor are few in number, the information sought is highly relevant to the Motion and the Objection, and the information to answer appears to be clearly in possession of LSC. However, LSC refuses to answer on the basis of authorities from other jurisdictions which arose in very different factual settings, and did not relate to requests for discovery, for which the scope is very broad. In sum, it would have been very simple for LSC to respond fully and completely to the discovery requests, and reserve its objections regarding relevancy until the substantive hearings on the Motion and the Objections.

7. When a party refuses to respond to discovery, the party propounding the discovery may seek an order compelling responses, FRCP 37(a)(3)(B), and further this court must impose the expenses of obtaining the order compelling responses on the party resisting responses to the discovery, FRCP 37(a)(5), including reasonable attorney's fees to the party filing such a motion.

WHEREFORE, the Debtor requests that the Order attached to the instant Motion be entered by this court.

/s/ DAVID A. SCHOLL
512 Hoffman Street
Philadelphia, Pennsylvania 19148
610-550-1765.
Proposed Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

In re: LEWIS M. IRVING, Debtor        :        CHAPTER 11

: BANKRUPTCY NO. 19-13930

## DEBTOR'S REQUESTS FOR DISCOVERY FROM LSC19, LLC RELEVANT TO THE DEBTOR'S OBJECTIONS TO YOUR PROOF OF CLAIM IN THIS BANKRUPTCY CASE

The Objector-Debtor to the Proof of Claim (No. 9) filed by LSC 19, LLC, requests that, pursuant to Federal Rules of Bankruptcy ("FRBP") 7033 and 7034, you respond, in writing, under oath, to the following Written Interrogatories and Requests for Production on or before September 30, 2019:

1. Please indicate when you obtained an assignment of the obligation(s) of the Debtor from Bancorp Bank, and please indicate the full consideration which you provided to Bancorp for this assignment.

2. Please indicate what you believe to be the value of the property at 2500 Concord Rd., Chester, PA. 19013, which was provided as security for this obligation or obligations. Please indicate in detail your basis for this valuation and attach any appraisals or other writings which support this valuation.

3. Do you believe that you can execute on the portions of the property at 2500 Concord Rd., Chester, PA. 19013 which contain burial sites?

    a. How much of the land contains burial sites?

    b. If your answer is that you can execute on the burial sites, what is your

EXHIBIT "A"

authority for this conclusion? Please provide the support for your position in detail.

/s/ DAVID A. SCHOLL
512 Hoffman Street
Philadelphia, Pennsylvania  19148
610-550-1765.
Proposed Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| LEWIS M. IRVING, | Case No. 19-13930-amc |
| Debtor. | |

### LSC19, LLC'S RESPONSES AND OBJECTIONS TO THE DEBTOR'S DISCOVERY REQUESTS DIRECTED TO LSC19, LLC

TO THE DEBTOR AND HIS ATTORNEY OF RECORD:

LSC19, LLC (the "Lender"), by and through its undersigned counsel, hereby responds and objects to the *Debtor's Requests for Discovery from LSC19, LLC Relevant to the Debtor's Objections to Your Proof of Claim in This Bankruptcy Case* (the "Discovery Requests") served by Debtor Lewis M. Irving (the "Debtor"), in accordance with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable hereto pursuant to Rules 7026, 7033, and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Lender's responses are hereby provided without a waiver of any question or objection as to relevancy, materiality, or admissibility as evidence. These responses are specifically made subject to the right to object during any part of these proceedings.

### GENERAL OBJECTIONS

1. Lender objects to the Discovery Requests to the extent they are compound, overly broad, unduly burdensome, vague and ambiguous, or not proportional to the needs of this case.

2. Lender objects to the Discovery Requests to the extent they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, statutory privilege, or any other legally-cognizable privilege or immunity.

12703183 v1                                                         EXHIBIT "B"

3. Lender objects to the Discovery Requests to the extent they seek to impose requirements that are greater than or different from those imposed by the Bankruptcy Rules. Lender will comply with the requirements set forth by the Bankruptcy Rules in responding to the Discovery Requests.

4. Lender objects to the Discovery Requests to the extent they seek or purport to require the production of documents or information not within Lender's possession, custody, or control.

5. Lender objects to the Discovery Requests to the extent they seek information that is easily obtainable by the Debtor, or is readily available from public sources, and information that has already been made available to the Debtor on the grounds that they are unduly burdensome.

6. Lender objects to the Discovery Requests to the extent that they request responses that are not relevant to the allegations raised in this proceeding.

7. In accordance with Bankruptcy Rules 7026, 7033, and 7034, Lender will make a diligent, good faith search of files identified as most likely to contain responsive documents, and will respond to the Discovery Requests on the basis of that search. If any responsive discovery material is inadvertently overlooked in the course of such search, such responsive discovery material will be produced when located and, if necessary, discovery responses will be updated, subject to the objections set forth herein and the Bankruptcy Rules.

### RESERVATION OF RIGHTS

8. Lender reserves the right to declare as privileged and/or confidential any document or material that may have been inadvertently produced during the course of this discovery. Inadvertent disclosure of documents or material subject to any privilege or claim of confidentiality does not waive the privilege and/or confidentiality as to such documents or materials, or as to other

information or documents regarding the same subject or content, and does not waive Lender's right to object to the introduction of such privileged and/or confidential documents or materials into evidence.

9. Lender's responses to the Discovery Requests are made without in any way waiving, and expressly reserving, (a) the right to object on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding in this or any other proceeding; and (b) the right to object on any grounds involving or relating to the subject matter of the Discovery Requests.

10. Lender has not yet completed discovery in this proceeding, and has not yet completed preparation for trial. Lender reserves the right to supplement, revise, correct, add to, or clarify the objections, answers, or responses set forth herein and any production of discovery material made pursuant thereto. If Lender identifies responsive documents or material at a future date, Lender reserves the right at that time to amend their objections, answers, or responses, including, without limitation, to evaluate whether any privilege or immunity applies to such discovery material and to assert such privilege or immunity. Such reservation of rights does not obligate Lender to continuously search for documents responsive to these Discovery Requests.

## THE DISCOVERY REQUESTS

**Discovery Request No. 1:** Please indicate when you obtained an assignment of the obligation(s) of the Debtor from Bancorp Bank, and please indicate the full consideration which you provided to Bancorp for this assignment.

**Response:** Lender objects to Discovery Request No. 1 as compound. Lender further objects to Discovery Request No. 1 as vague and ambiguous to the extent it refers to the undefined terms "obtained," "assignment of the obligation(s)," and "full

3

consideration". Lender further objects to Discovery Request No. 1 because it is not relevant to the issues in this proceeding. *See, e.g., KS Fin. Group, Inc. v. States & Little Mortg. Co.*, 1995 U.S. App. LEXIS 42542, at *9 (5th Cir. Sept. 21, 1995) (holding that the amount of consideration that a creditor paid for a note is irrelevant as a matter of law); *see also In re Petersburg Regency LLC*, 540 B.R. 508, 547 (Bankr. D.N.J. 2015); *In re Talmo*, 192 B.R. 272, 275 (Bankr. S.D. Fla. 1996). Subject to and without waiver of the foregoing specific objections and the General Objections, Lender purchased the loan and all related loan documents, including the judgments, from Bancorp Bank effective as of June 13, 2019.

**Discovery Request No. 2:** Please indicate what you believe to be the value of the property at 2500 Concord Rd., Chester, PA 19013, which was provided as security for this obligation or obligations. Please indicate in detail your basis for this valuation and attach any appraisals or other writings which support this valuation.

**Response:** Lender objects to Discovery Request No. 2 as compound. Lender further objects to Discovery Request No. 2 as vague and ambiguous to the extent it refers to the undefined term "obligation(s)". Lender further objects to Discovery Request No. 2 as it calls for a legal conclusion. *See, e.g., Gingerich v. City of Elkhart Probation Dep't*, 273 F.R.D. 532, 537 (N.D. Ind. 2011) ("Opposing parties cannot be compelled to respond [to discovery] that call for pure legal conclusions."). Lender further objects to Discovery Request No. 2 to the extent that it seeks information protected from disclosure pursuant to the attorney-client privilege or work product doctrine. Lender further objects to Discovery Request No. 2 as it calls for expert testimony. *Jones v. Judge Tech. Servs.*, No. 11-6910,

4

2013 U.S. Dist. LEXIS 153343, at *11 (E.D. Pa. Oct. 25, 2013) (holding that an expert witness is prohibited from rendering a legal opinion).

**Discovery Request No. 3:** Do you believe that you can execute on the portions of the property at 2500 Concord Rd., Chester, PA. 19013 which contain burial sites?

a. How much of the land contains burial sites?

b. If your answer is that you can execute on the burial sites, what is your authority for this conclusion? Please provide the support for your position in detail.

**Response:** Lender objects to Discovery Request No. 3 as compound. Lender further objects to Discovery Request No. 3 as it calls for a legal conclusion. *See, e.g., Gingerich v. City of Elkhart Probation Dep't,* 273 F.R.D. 532, 537 (N.D. Ind. 2011) ("Opposing parties cannot be compelled to respond [to discovery] that call for pure legal conclusions."). Lender further objects to Discovery Request No. 3 to the extent that it seeks information protected from disclosure pursuant to the attorney-client privilege or work product doctrine. Lender further objects because certain information sought by Discovery Request No. 3 is equally available to the Debtor. Lender further objects to Discovery Request No. 3 as it calls for expert testimony. *Jones v. Judge Tech. Servs.,* No. 11-6910, 2013 U.S. Dist. LEXIS 153343, at *11 (E.D. Pa. Oct. 25, 2013) (holding that an expert witness is prohibited from rendering a legal opinion).

5

Dated: October 3, 2019
Philadelphia, Pennsylvania

BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP

/s/ *Kevin M. Capuzzi*
Michael J. Barrie (PA No. 85625)
John C. Gentile (PA No. 322159)
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: mbarrie@beneschlaw.com
        jgentile@beneschlaw.com

Kevin M. Capuzzi (admitted *pro hac vice*)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801-1611
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com

*Counsel for LSC19, LLC*

## VERIFICATION

I, Dan Will, Senior Director of Asset Management for LS Capital, Inc., having read the statements contained in the foregoing *LSC19, LLC's Responses and Objections to the Debtor's Discovery Requests Directed to LSC19, LLC*, hereby verify that the statements contained therein are true and correct to the best of my knowledge, information, and belief. I understand that these statements are made subject to the penalties of Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
DAN WILL

Date:    October 3, 2019

## CERTIFICATE OF SERVICE

I, Kevin M. Capuzzi, Esquire, do hereby certify that I am over the age of 18, and that on October 3, 2019, I caused a copy of the foregoing *LSC19, LLC's Responses and Objections to the Debtor's Discovery Requests Directed to LSC19, LLC* to be served upon the following persons via electronic mail and first-class mail:

David A. Scholl
Law Office of David A. Scholl
512 Hoffman Street
Philadelphia, PA 19148

Under penalty of perjury, I certify the foregoing to be true and correct.

/s/ Kevin M. Capuzzi
Kevin M. Capuzzi (admitted *pro hac vice*)