**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

LEWIS M. IRVING,                                           :        CHAPTER 11

Debtor

: BANKRUPTCY NO. 19-13930

**ORDER SUR MOTION OF BANK OF LSC19, LLC ("LSC") FOR SUMMARY JUDGMENT AS TO ITS PROOF OF CLAIM**

AND NOW, this        day of November, 2019, upon consideration of the aforementioned Motion of LSC, and the Answer of the Debtor thereto, it is hereby ORDERED that the above-referenced Motion is DENIED, and the Debtor's Objections to the Proof of Claim of LSC is scheduled for an evidentiary hearing on January     , 2020, at       AM in Court Room 4, 900 Market St., Philadelphia, PA.  19107.

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**

**LEWIS M. IRVING,**                                  :         **CHAPTER 11**

**Debtor**

                                                 : **BANKRUPTCY NO. 19-13930**

**DEBTOR'S ANSWER TO MOTION OF LSC19, LLC ("LSC") FOR SUMMARY JUDGMENT AS TO ITS PROOF OF CLAIM**

1. The allegations of the paragraphs 1-3, 23, 24, 30, and 31 of the Motion are admitted.

2. All of the other allegations of the Motion are denied, denied as stated, or are allegations of conclusions law, to which no answer is required. Strict proof of any allegations are demanded at any hearing on the Motion if they are deemed relevant.

**AFFIRMATIVE DEFENSES**

3. The most important issues involved in the Objections to the claim of LSC are the amount of the debt owed on the claim and the security for the debt and the value and liquidity of the security such that it could be sold to collect the amount of the debt.

4. In the Objections, the Debtor questions the amount of the debt. Although there is a state court judgment that was entered after litigation on this matter in state court, there were also discussions thereafter between the parties in which a much lower figure for the payment of the debt was stated, and it is believed that the obligation was transferred from the original lender to LSC for a much lower figure than the amount of the judgment. It is believed by the Debtor that the consideration for the transfer of the obligation is a much more realistic measure of the debt than the amount of the state court judgment.

5. In addition, it is important to consider the actual value of the security for the debt, which is the property at 2500 Concord Rd., Chester, PA. 19013. This is a unique property,

a large portion of which is a cemetery which is already filled with dead bodies.  It is uncertain what the value of such a property actually is, and whether it can in fact be sold for any amount of money.

6.   The Debtor does not believe that the issues set forth herein can be resolved without a full evidentiary hearing and that, as a result, LSC's Motion for a Summary Judgment on the Objections should be denied

WHEREFORE, the Debtor requests that this court will deny the Motion, and that this court will indicate that the Objections can only be resolved after a full and complete evidentirary hearing.

_____

\-                                        /s/DAVID A. SCHOLL

512 Hoffman Street

Philadelphia, PA. 19148

610-550-1765

Proposed Attorney for Debtor