IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEWIS M. IRVING, | : | Case No. 19-13930-amc |
| | : | |
| Debtor. | : | |
| | : | |

**CHAPTER 11 LIQUIDATING PLAN PROPOSED BY SECURED LENDER LSC19, LLC**

ARTICLE I
SUMMARY

This plan (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Lewis M. Irving (the "Debtor") from the proceeds of the Debtor's sale of his non-exempt real estate holdings and other property.

This Plan provides for six (6) classes of secured claims, one (1) class of priority claims, and one (1) class of unsecured claims. This Plan also provides for the payment of administrative, secured, and priority claims in full on or before the Effective Date of this Plan, unless as otherwise set forth herein. Unsecured creditors holding allowed claims will receive distributions in an amount to be determined upon the sale(s) discussed herein, provided that all administrative, secured, and priority claims are paid in full.

All creditors should refer to Articles III through VII of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

Classes 1-6    All secured claims allowed under § 506 of the Code.

Class 7    All allowed claims entitled to priority under § 507 of the Code.

Class 8    All unsecured claims allowed under § 502 of the Code.

ARTICLE III
TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.1    Unclassified Claims. Under § 1123(a)(1) of the Code, administrative expense claims and priority tax claims are not in classes.

12795702

3.2     Administrative Expense Claims.  Each holder of an administrative expense claim, if any, allowed under § 503 of the Code, will be paid in full, in cash:  (i) on the Effective Date of this Plan (as defined in Article VIII); (ii) promptly upon allowance by Order of the Bankruptcy Court; or (iii) upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.3     Priority Tax Claims.  Each holder of an allowed priority tax claim, if any, will be paid will be paid in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.4     United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

# ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured Claim of Wilmington Savings Fund Society (exempt property) | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Secured Claim will retain its liens on the holder's applicable collateral (*i.e.*, the Debtor's residential property located at 278 Thornton Road, Thornton, PA 19373) and payments in accordance with the holder's applicable security agreement |
| Class 2 – Secured Claim of LSC19, LLC | Impaired | Class 2 is impaired by this Plan, and each holder of a Class 2 Secured Claim will be paid, in cash, on or before the Effective Date of the Plan from the sale of the property securing its Secured Claim (*i.e.*, the Debtor's commercial property located at 2500 Concord Road, Chester, PA 19013).  To the extent such Class 2 Secured Claim is not paid in full from the sale of said property, each holder shall be allowed an unsecured deficiency claim pursuant to Class 8 of this Plan. |

| **Class** | **Impairment** | **Treatment** |
|---|---|---|
| Class 3 – Secured Claim of Bayview Loan Servicing | Impaired | Class 3 is impaired by this Plan, and each holder of a Class 3 Secured Claim will be paid, in cash, on or before the Effective Date of the Plan from the sale of the property securing its Secured Claim (*i.e.*, the Debtor's vacation property located at 1663 Cross Tee Court, Oldsmar, FL 34677). To the extent such Class 3 Secured Claim is not paid in full from the sale of said property, each holder shall be allowed an unsecured deficiency claim pursuant to Class 8 of this Plan. |
| Class 4 – Secured Claim of Univest Bank | Impaired | Class 4 is impaired by this Plan, and each holder of a Class 4 Secured Claim will be paid, in cash, on or before the Effective Date of the Plan from the sale of the property securing its Secured Claim (*i.e.*, the Debtor's rental property located at 58 East Mowry Street, Chester, PA 19013). To the extent such Class 4 Secured Claim is not paid in full from the sale of said property, each holder shall be allowed an unsecured deficiency claim pursuant to Class 8 of this Plan. |
| Class 5 – Secured Claim of Wilmington Savings Fund Society (non-exempt property) | Impaired | Class 5 is impaired by this Plan, and each holder of a Class 5 Secured Claim will be paid, in cash, on or before the Effective Date of the Plan from the sale of the property securing its Secured Claim (*i.e.*, the Debtor's vacation/rental property located at 32006 River Road, Millsboro, DE 19966). To the extent such Class 5 Secured Claim is not paid in full from the sale of said property, each holder shall be allowed an unsecured deficiency claim pursuant to Class 8 of this Plan. |
| Class 6 – Secured Claim of Mercedes Benz Financial Services USA, LLC | Unimpaired | Class 6 is unimpaired by this Plan, and each holder of a Class 6 Secured Claim will retain its liens on the holder's applicable collateral (*i.e.*, the Debtor's 2014 Mercedes CLA) and payments in accordance with the holder's applicable security agreement. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 7 - Priority Claims | Unimpaired | Class 7 is unimpaired by this Plan, and each holder of a Class 7 Priority Claim will be paid in full, in cash, from any excess real property sale proceeds or other cash to be raised by the Debtor, on or before the Effective Date of the Plan, or the date on which such claim is allowed by a final non-appealable. |
| Class 8 - General Unsecured Creditors | Impaired | Class 8 is impaired by this Plan, and each holder of a Class 8 General Unsecured Claim, including any deficiency claims, will be paid an amount to be determined, in cash, on or before the Effective Date of the Plan, or the date on which such claim is allowed by a final non-appealable order. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1     Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2     Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3     Settlement of Disputed Claims.  The Debtor and LSC19, LLC, each individually, will have the power and authority to settle and compromise a disputed claim with Bankruptcy Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1     Assumed Executory Contracts and Unexpired Leases.

(a)     The Debtor assumes and assigns the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plan as provided in Article VIII: None.

(b)     The Debtor will be conclusively deemed to have rejected all executory

contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the Effective Date of this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

### ARTICLE VII
### MEANS FOR IMPLEMENTATION OF THE PLAN

7.1     Funding of the Plan.  Pursuant to § 1123(a)(5) and (a)(8) of the Code, the Plan will be funded with (i) future income received by the Debtor including, without limitation, income received from the operation of the Haven Memorial Park Cemetery and Crematorium and rental income received from Debtor's rental properties; and (ii) the sale of all of the Debtor's non-exempt property including, without limitation, all of Debtor's non-exempt real property (the "Non-Exempt Real Property") and Debtor's non-exempt vehicles (the "Non-Exempt Personal Property," and together with the Non-Exempt Real Property, the "Non-Exempt Property").

7.2     Sale of the Non-Exempt Real Property:

(a) Debtor shall seek appointment of a broker or brokers, as necessary, (the "Broker") by formal motion (the "Broker Motion") with the Bankruptcy Court within thirty (30) days of the Confirmation of the Plan.  Subject to the oversight of LSC19, LLC and approval of its retention by the Court, Broker shall have the rights and powers set forth in a brokerage agreement in a form agreeable to the Debtor and LSC19, LLC in their reasonable discretion (the "Brokerage Agreement").

(b) Broker, in consultation with LSC19, LLC, will formulate an advertising and marketing plan in accordance with its expertise and market conditions.  Broker shall be governed in all things by the terms of the Brokerage Agreement and the Plan.

(c) Debtor shall file a motion to sell the Non-Exempt Real Property within sixty (60) days of an order approving the Broker Motion (the "Real Property Sale Motion").  The Real Property Sale Motion shall be in a form reasonably agreeable to LSC19, LLC.

(d) The sale of the Non-Exempt Real Property shall be (i) deemed made pursuant to the Plan and authorized by the Confirmation Order; (ii) free and clear of all liens, claims, and encumbrances pursuant to sections 363(f) and 1123(a)(5)(D) of the Bankruptcy Code, with all such liens, claims, and encumbrances attaching to the net sale proceeds of such sales subject to the terms and conditions of the Plan; and (iii) deemed made pursuant to Bankruptcy Code section 1146(a) and therefore not subject to any stamp tax, real estate transfer tax, mortgage recording tax or other similar taxes under applicable non-bankruptcy law.

7.3     Sale of Non-Exempt Personal Property.  Debtor shall file a motion to sell the Non-Exempt Personal Property within thirty (30) days of Confirmation of the Plan (the "Personal Property Sale Motion").  The sale of the Non-Exempt Real Property shall occur within 60 days after the Court grants Personal Sale Property Motion.

7.4 **Distributions Following Sale Closing**. Upon the closing of all of the sales of the Non-Exempt Property, Debtor shall distribute all cash, including all proceeds from the sale of the Non-Exempt Property, as follows: (a) *first*, to pay the costs and expenses of the sale of the Non-Exempt Property, including, without limitation, attorney's fees, satisfaction of any liens on or allowed claims for set off or recoupment against the Non-Exempt Property, and all fees payable to Broker on account of the sale of the Non-Exempt Real Property; and (b) *second*, to pay all classes of claims according to the priorities set forth in the Bankruptcy Code and under applicable law and as otherwise provided in this Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.1 **Definitions and Rules of Construction**. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.2 **Effective Date**. The Plan shall be deemed substantially consummated immediately on final distributions to all holders of allowed claims and the Effective Date shall occur on that date.

8.3 **Notice of Effective Date**. Promptly after the occurrence of the Effective Date, Debtor shall file with the clerk of the Bankruptcy Court a notice that the Plan has become effective; *provide, however*, that the failure to file such notice shall not affect the effectiveness of the Plan or the rights or substantive obligations of any entity hereunder.

8.4 **Final Decree**. On substantial consummation, LSC Capital, LLC or Debtor may move for a final decree closing the above-captioned chapter 11 case and requesting such other orders as may be necessary and appropriate.

8.5 **Severability**. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.6 **Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.7 **Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 **Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## NO DISCHARGE OF DEBTOR

9.01. No Discharge. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

## ARTICLE X
## RETENTION OF JURISDICTION

10.01 Retention of Jurisdiction. Notwithstanding confirmation of this Plan or occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction to the same extent the Bankruptcy Court had jurisdiction immediately prior to the confirmation of the Plan (and to the extent that the Bankruptcy Court subsequently acquires jurisdiction), including but not limited to, for the purpose of interpreting or enforcing this Plan, any confirmation order, and any other matter relating to or arising under title 11 as they relate to the Debtor or this Plan.

Dated: December 11, 2019

Respectfully Submitted,

BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP

 /s/    *Michael J. Barrie*
Michael J. Barrie (PA No. 85625)
John C. Gentile (PA No. 322159)
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: mbarrie@beneschlaw.com
          jgentile@beneschlaw.com

Kevin M. Capuzzi (*pro hac vice*)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801-1611
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com

*Counsel for LSC19, LLC*