# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re:**

**LEWIS M. IRVING,**　　　　　　　　　　　　　　　　：　　**CHAPTER 11**

**Debtor**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　： **BANKRUPTCY NO. 19-13930**

## ORDER SUR MOTION OF UNITED STATES TRUSTEE ("THE UST") TO CONVERT OR DISMISS CASE

　　　　　AND NOW, this _____ day of January, 2020, upon consideration of the Motion of the UST to Convert or Dismiss This Case, and the Answer of the Debtor thereto, it is hereby ORDERED that the above-referenced Motion is DENIED.

　　　　　　　　　　　　　　　　　　　　　　　_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

LEWIS M. IRVING,  : CHAPTER 11

Debtor

: BANKRUPTCY NO. 19-13930

**DEBTOR'S ANSWER TO MOTION OF THE UNITED STATES TRUSTEE ("the UST") TO CONVERT OR DISMISS THIS CASE , WITH AFFIRMATIVE DEFENSES**

1. The allegations of the paragraphs 1-9, 17-19, 21-23, 25, and 26 of the Motion are admitted.

2  All of the other allegations of the Motion are denied, denied as stated, or are allegations of conclusions law, to which no answer is required.  Strict proof of any allegations are demanded at any hearing on the Motion if they are deemed relevant.

**AFFIRMATIVE DEFENSES**

3. The instant Chapter 11 case is a "small business case" as defined by 11 U.S.C. section (51D).

4…As such, the exclusivity period of the Debtor to file a Chapter 11 Plan extended to December 16, 2019. 11 U.S C. section 1121(e )(1).

5. The Debtor timely filed a Plan on December 14, 2019.

6. LSC 19, LLC ("LSC") filed a Plan prematurely, on December 11, 2019.

7…In addition, the Debtor has filed an Objection to LSC's claim, which has been outstanding without resolution since it was filed on August 25, 2019, because LSC has not responded to discovery, prompting a motion to compel discovery.

8. The Debtor and LSC have entered into Stipulations to resolve LSC's Motion for Adequate Protection on an interim basis.  This Motion, the Objection, and the motion to

compel discovery were all continued by this court sua sponte until January 8, 2020.

9. The Movant's allegations that the Debtor has not been aggressively pursuing this case are therefore not well-taken.

10. The Debtor is an 80-year-old individual who is being treated for certain diseases by the Veterans Administration.  It has been very difficult for him to prepare his Monthly Operating Reports.  The Debtor and his relatives have sought assistance from UST's office to accomplish this undertaking on several occasions in the past.

11. Counsel sought to obtain further assistance from the UST's office on the day after this Motion was filed.  However, there has been no response to these requests, probably because of the holiday season.  Counsel does anticipate filing all Reports due shortly.

12. The property which the Debtor did not list on his Schedules (which is one property with three addresses) was believed to be owned by the Debtor's son Raphael.  This property is utilized by Raphael in his separate funeral-home business.  The loan secured by this property was made by Raphael, is being paid for solely by Raphael's business, and was merely co-signed by the Debtor. All other properties owned by the Debtor are owned by the entireties with his 78-year-old wife.  All of the foregoing is to indicate that failing to list this property was an excusable oversight.

13.  The UST filed this Motion on December 19, 2019, without any prior notice to the Debtor or counsel, which would have allowed counsel to correct all deficiencies in prosecution of this case.

14. Although expedited consideration of this Motion was not requested, and the date for scheduling of miscellaneous motions in Judge Chan's cases was listed on-line as January 22, 2020, the UST proceeded to schedule this Motion on January 8, 2020, as if it were expedited, thereby depriving the Debtor of any additional time needed to fully comply with all reporting requirements.

WHEREFORE, the Debtor requests that this court will continue the hearing on this Motion until January 22, 2020, and will deny the Motion if all significant deficiencies in prosecution of this case are cured by that date.

_____

\- /s/DAVID A. SCHOLL

512 Hoffman Street

Philadelphia, PA. 19148

610-550-1765

Attorney for Debtor