**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEWIS M. IRVING, | : | Case No. 19-13930-amc |
| | : | |
| Debtor. | : | **RE: D.I. 83** |
| | : | |

**LSC19, LLC'S OBJECTION TO DEBTOR'S MOTION TO WAIVE THE
FILING OF A DISCLOSURE STATEMENT; EXTEND THE TIME TO OBTAIN
CONFIRMATION OF HIS FILED SMALL BUSINESS PLAN; AND ESTABLISH
SCHEDULE FOR SOLICITING VOTES AND CONFIRMATION OF PLAN**

LSC19, LLC ("Lender"), as successor in interest to The Bancorp Bank ("Original

Lender"), by and through its undersigned counsel, hereby responds and objects (the "Objection")

to *Debtor's Motion to Waive the Filing of a Disclosure Statement; Extend the Time to Obtain*

*Confirmation of His Filed Small Business Plan; and Establish Schedule for Soliciting Votes and*

*Confirmation of Plan* [D.I. 83] (the "Motion").  In support of this Objection, Lender states as

follows:

**RELEVANT BACKGROUND**

**The Bankruptcy Case**

1.    On June 19, 2019 (the "Petition Date"), the Debtor commenced a voluntary case

(the "Bankruptcy Case") by filing a petition for relief under chapter 11 of the Bankruptcy Code

[D.I. 1] (the "Petition").

2.    As of the date hereof, no request has been made for the appointment of a trustee

or examiner and no statutory creditors' committee has been appointed.

3.    In Part 3, number 13 of the Petition asking "Are you filing under Chapter 11 of

the Bankruptcy Code and are you a small business debtor?" the Debtor selected the box marked:

"No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the

definition in the Bankruptcy Code." Petition at 4 (emphasis in original). The Debtor similarly selected that it was not a sole proprietor of any full- or part-time business. *See id.* (answer to Part 3, number 12).

4.    The Debtor was represented by his current counsel at the time he filed the Petition. *See* Petition at 7.

**The Judgments**

5.    Prior to the Petition Date, on or about April 17, 2013, the Original Lender initiated a lawsuit against the Debtor and Ms. Irving in the Court of Common Pleas of Delaware County (the "State Court"), Docket No. 2013-3654 (the "Money Damages Action"), seeking money damages associated with the Debtor and non-debtor B. Vivian Irving's (a/k/a Bernice V. Irving, "Ms. Irving") defaults under certain loans in principal amounts of $100,000 (the "$100,000 Loan") and $850,000 (the "$850,000 Loan," and together with the $100,000 Loan, the "Loans") made to the Debtor and Ms. Irving on or about December 28, 2005.

6.    On or about October 10, 2013, Original Lender filed a Complaint in Foreclosure in the State Court, Docket No. 2013-9899 (the "Foreclosure Action"), seeking a judgment of foreclosure related to certain real property commonly known as 2500 Concord Road, Chester Township, Pennsylvania 19013, and also identified as Parcel No. 07-00-00256-00 (the "Mortgaged Property"). The Mortgaged Property that served as collateral for the Loans.

7.    On or about October 13, 2015, after a two-day non-jury trial, Original Lender obtained a Judgment of Foreclosure in the Foreclosure Action in the amount of $1,079,799.94 (the "Foreclosure Judgment"). On or about April 1, 2016, Original Lender also obtained a judgment against the Debtor and Ms. Irving in a separate action in the amount of $1,079,799.94 (the "Money Damages Judgment" and, together with the Foreclosure Judgment, the "Judgments").

8.      Following several years of unsuccessful attempts by Original Lender to amicably resolve the Judgments, on or about June 13, 2019, the Judgments, as well as the related loan documents, were assigned to the Lender.  Lender sought to execute on the Judgments.

9.      Less than two days before a scheduled sheriff sale of the Mortgaged Property the Debtor filed a petition for protection (the "Chapter 11 Proceeding") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

10.      Thereafter, on August 5, 2019, Lender filed a proof of claim (the "Proof of Claim") [Claim No. 9] in the Chapter 11 Proceeding in the amount of $1,363,872.58, plus six percent (6%) interest per year from the Petition Date (as defined herein).[1]

**Competing Plans Are Filed After the Debtor's Exclusivity Period Expires**

11.      On October 17, 2019, *i.e.*, 120 days after the Petition Date, the Debtor's exclusive right to file a chapter 11 plan expired pursuant to section 1121(b) of the Bankruptcy Code.

12.      On December 11, 2019 the Lender filed the Chapter 11 Liquidating Plan Proposed by Secured Lender LSC19, LLC [D.I. 76] (the "Lender's Plan") and the Disclosure Statement to Lender's Plan [D.I. 77] (the "Lender's DS").

13.      On December 11, 2019, the Lender also filed its Motion for Entry of an Order Approving (i) the Disclosure Statement; (ii) Procedures for the Solicitation and Tabulation of Votes to Accept or Reject LSC19 LLC's Liquidating Plan; and (iii) Related Notice and Objection Procedures [D.I. 78] (the "Lender Voting Procedures Motion").

---

[1]      The Lender has also moved for summary judgment [D.I. 57] (the "Summary Judgment Motion") seeking, among other things, an allowed claim in the full amount set forth in the Proof of Claim.  A detailed description of the procedural and factual history leading up to the entry of the Judgments, including their full adjudication on the merits, is contained in the Summary Judgment Motion.  The Summary Judgment Motion remains pending before this Court and is set for hearing on January 8, 2020.

14.    On December 12, 2019, the day after the Lender's Plan and DS were filed and 176 days after the Petition was filed, the Debtor filed an amended petition [D.I. 81] (the "Amended Petition"), this time selecting that the Debtor is both (i) a sole proprietor of a full- or part-time business and (ii) a small business debtor filing under chapter 11.  Amended Petition at 4.

15.    On December 14, 2019, the Debtor filed his Plan of Reorganization Proposed by Debtor and Debtor-in-Possession Lewis M. Irving [D.I. 82] (the "Debtor's Plan").  No financial information was attached to the Debtor's Plan.

16.    On December 15, 2019, the Debtor filed the Motion.

17.    On December 19, 2019, the United States Trustee filed a Motion to Convert or Dismiss Case and Supporting Memorandum [D.I. 86] (the "Motion to Convert") currently scheduled for hearing on January 8, 2020.

18.    This Objection followed.

## BASIS FOR THE OBJECTION

### I.    The Debtor Should Be Judicially Estopped from Declaring Itself a Small Business Debtor

19.    The doctrine of judicial estoppel applies to "prevents a party from 'playing fast and loose with the courts' by adopting conflicting positions in different legal proceedings (or different stages of the *same proceeding*)."  *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3d Cir. 2007) (emphasis added).  "Judicial estoppel requires (1) a clear inconsistency and (2) that the party estopped obtain an unfair advantage from that inconsistency."  *Id.* (citing *In re Armstrong World Indus., Inc.*, 432 F.3d 507, 517-18 (3d Cir.2005)).

20.    The Debtor has taken clearly inconsistent positions in these proceedings regarding his status as a small business debtor.  The Debtor stated, under penalty of perjury, that it was ***not***

4

a small business debtor and was not sole proprietor of a full- or part-time business in the Petition. *See* Petition at 4, 7.  The Debtor then took the exact opposition position, that he *was* a small business debtor and sole proprietor of a full- or part-time business, in the Amended Petition. Amended Petition at 4.  The first element of judicial estoppel is therefore satisfied as the Debtor's positions are not only clearly inconsistent, but diametrically opposed.

21.    The Debtor also seeks to obtain an unfair advantage by now claiming that he is a small business debtor: extending his exclusivity period to prevent Lender from proposing a competing plan.

22.    The Debtor amended his petition to declare the he was a small business debtor only after the exclusivity period to file a plan expired and the Lender's Plan and DS, and the Lenders Voting Procedures Motion had been filed.  *See* 11 U.S.C. § 1121(b) ("[O]nly the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.").  The Debtor's Exclusivity Period expired 120 days after the Petition Date on October 17, 2019.  *See* 11 U.S.C. § 1121(b).  Had the Debtor elected treatment as a small business debtor in the Petition, its exclusivity period would have expired 180 days after the Petition Date, or on December 16, 2019.  *See* 11 U.S.C. § 1121(e)(1).  The Lender filed its Plan and DS on December 11, 2019, well after the expiration of the 120 day period provided in Section 1121(b) of the Bankruptcy Code as permitted under Section 1121(c)(2).  The Debtor's Amended Petition is a transparent attempt to extend its exclusivity period, without notice and a hearing, to prevent the Lender from filing a competing plan.  The second element of judicial estoppel, that the Debtor is seeking an unfair advantage, is therefore met and Debtor should be judicially estopped from asserting that it is a small business debtor nearly six months after it filed the Petition under penalty of perjury.

23.     The Court may therefore deny the relief requested in the Motion as moot if the Court determines that the Debtor is estopped from declaring itself as a small business debtor.

24.     In the alternative, the Court should allow the Lender's Plan and DS to go forward as a competing plan with the Debtor's Plan to be voted on by creditors.  This alternative relief is appropriate as the Debtor's exclusivity period in a small business case has similarly expired as of December 16, 2019 and the Debtor did not seek to extend the exclusivity period applicable to small business debtors.  *See* 11 U.S.C. § 1121(e)(3)(C) (providing that time period specified for filing of plan in small business case "may be extended only if … the order extending time is signed before the existing deadline has expired.").  The exclusivity deadline for even a small business case has now expired with no signed order granting an extension.  Given the Debtor's inconsistent positions in this case regarding its status as a small business debtor, the Court should use its equitable powers to allow the Lender's Plan and DS to, at a minimum, go forward as a competing plan.  *See* 11 U.S.C. § 105(a) ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate … to prevent an abuse of process.").

## II.    The Court Should Deny the Motion to Extend Debtor's Time to Confirm a Plan Under 11 U.S.C. § 1129(e).

25.     Section 1129(e) of the Bankruptcy Code requires that, in a small business case, "the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)."  11 U.S.C. § 1129(e).  The Debtor's Plan was filed December 14, 2019 and the 45-day period under Section 1129(e) therefore expires on January 28, 2020 (the "Confirmation Deadline").

26.    Section 1121(e)(3) provides that the time may be extended only if:

(A)    the debtor, after providing notice to parties in interest (including the United States trustee), ***demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time***;

(B)    a new deadline is imposed at the time the extension is granted; and

(C)    the order extending time is signed before the existing deadline has expired.

11 U.S.C. § 1121(e)(3) (emphasis added).

27.    The Debtor's only support for the extension provided in the Motion is:

[B]ecause the Debtor's Objections to his largest claim, that of [Lender], have not been resolved and are scheduled, with a motion seeking to compel certain resisted discovery requests relevant to that claim, until January 8, 2020.  Although the Debtor and LSC have negotiated interim agreements to adequately protect LSC's interests and begun negotiations regarding the acceptable treatment of LSC in a plan, those negotiations have not yet been completed.

Motion at ¶ 6.  The Debtor fails to even argue, much less "demonstrate by a preponderance of the evidence," that the Court will, "more likely than not," be able to "confirm a plan within a reasonable time."  *See* 11 U.S.C. § 1121(e)(3)(A).  The Debtor does not even suggest what such "a reasonable period of time" may be.  *See id.*  The Debtor has therefore failed to meet its burden for an extension under Section 1121(e)(3) and its request for an extension of the Confirmation Deadline should be denied.

## III.    The Debtor Has Failed to Establish that the Debtor's Plan Provides Adequate Information and that No Disclosure Statement is Required

28.    Section 1125(f)(1) provides that, in a small business case, "the court may determine that the plan itself provides adequate information and that a separate disclosure statement is not necessary."  11 U.S.C. § 1125(f)(1).  Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 3016 further provides that "[i]f the plan is intended to provide adequate information under § 1125(f)(1) [11 USCS § 1125(f)(1)], ***it shall be so designated*** and Rule

7

3017.1 shall apply as if the plan is a disclosure statement." Fed. R. Bankr. P. 3016(b) (emphasis

added).

29.    As an initial matter, the Debtor's Plan is not "so designated" as a combined plan

and disclosure statement and intended to provided adequate information under Section 1125(b).

*See id.* Indeed, the Debtor's Plan's express terms contemplate the separate filing of a disclosure

statement and provide that the disclosure statement will be helpful in understanding the Debtor's

Plan. *See* Debtor's Plan at Art. I ("Also filed at this time is a proposed Disclosure Statement

which has been scheduled for approval by the United States Bankruptcy Court for the Eastern

District of Pennsylvania (the "Court") on January , 2020. The Disclosure Statement is provided

to help you understand the Plan."). Creditors receiving the Debtor's Plan will therefore be led to

believe that a separate disclosure statement will be provided. The Plan therefore fails to comply

with Bankruptcy Rule 3016(b) and the Court may decline to waive the requirement for the

separate filing of a disclosure statement on this basis alone.

30.    Further, the Plan fails to provide adequate information and the Court should

decline to waive the requirement of filing a disclosure statement. Under section 1125 of the

Bankruptcy Code, a plan proponent must provide its creditors and interest holders with

"adequate information" regarding the plan proponent's proposed plan of reorganization:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential material
> Federal tax consequences of the plan to the debtor, any successor
> to the debtor, and a hypothetical investor typical of the holders of
> claims or interests in the case, that would enable such a
> hypothetical investor of the relevant class to make an informed
> judgment about the plan, but adequate information need not
> include such information about any other possible or proposed plan
> and in determining whether a disclosure statement provides
> adequate information, the court shall consider the complexity of

> the case, the benefit of additional information to creditors and
> other parties in interest, and the cost of providing additional
> information ....

11 U.S.C. § 1125(a)(1). Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders entitled to vote on the plan. *See Abel v. Shugrue (In re Ionosphere Clubs, Inc.)*, 179 B.R. 24, 29 (S.D.N.Y. 1995); *In re Amfesco Indus., Inc.*, No. CV 88-2952 (JBW), 1988 WL 141524, at *5 (E.D.N.Y. Dec. 21, 1988) (stating that "[u]nder section 1125 of the Bankruptcy Code, a reasonable and typical creditor or equity security holder must be provided 'adequate information' to make an informed judgment regarding a proposed plan."); *BSL Operating Corp. v. 125 E. Taverns, Inc. (In re BSL Operating Corp.)*, 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) (stating that "[s]ection 1125 might be described as a non-rigid 'how to inform' section .... A disclosure statement ... is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests."); *see also In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (the adequacy of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties.").

31.    The determination of the adequacy of information in a disclosure statement is made on a case-by-case basis, focusing on the unique facts and circumstances of an individual case. *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001). "Generally, 'the adequacy of disclosure is dependent upon various factors including: the size and complexity of the chapter 11 case, the type of plan proposed, the type of creditors and claims impaired by the proposed plan, and the access by impaired creditors to relevant information from other sources.'" *Id.*

32.     The Debtor's Plan proposes that "[t]he Plan will be funded by ongoing operations of the Debtor, carried out by continued efforts of the Debtor to maximize his presence in its marketplace while striving to keep overhead low."  Debtor's Plan § 6.1.  Information related to the Debtor's operations is therefore critical to creditors' making an "informed judgment" of whether to vote to accept or reject the Debtor's Plan.  However, there is no information regarding the Debtor's "operations," to include what those operations even are, whether the "operations" include income from Debtor's rental properties, how much revenue those operations generate, or what the current expenses are of those operations.  Therefore, creditors will not be able to make an informed judgment on whether to accept or reject the Debtor's Plan and the Court should deny the Debtor's Motion to waive the disclosure requirement of Bankruptcy Code Section 1125 for this reason alone.

33.     Further, the Plan includes inaccurate information that is likely to cause confusion. The definitions contained in the Debtor's Plan define the "CASE" as entirely separate and, as far as Lender is aware, unrelated bankruptcy proceedings "captioned: In re My Personal Adviser, LLC, 18-11154(ELF)."  Debtor's Plan § 2.14.  The Plan also refers to bar dates that occurred pre-petition in 2018 referring to a docket entry that appears to be from a different proceeding. Debtor's Plan § 2.12.

34.     The Debtor's Plan is clearly a hurried effort to get something on file in response to Lender's Plan and DS and falls far short of providing "adequate information" justifying waiver of the requirement to file a disclosure statement, particularly in light of glaring inaccuracies concerning important information such as applicable bar dates.

10

WHEREFORE, for the reasons set forth herein, the Lender respectfully requests that this Court: (a) hold that the Debtor is estopped from declaring itself as a small business debtor and deny the relief requested in the motion as moot or, alternatively, (b) hold the Lender's Plan and DS may proceed as a competing plan despite the extended exclusivity period provided for small business debtors based on Debtor's prior inconsistent positions; (c) deny the Motion in its entirety; and (d) granting such other and further relief as is just and proper.

Dated: December 31, 2019

**BENESCH, FRIEDLANDER, COPLAN**
**& ARONOFF LLP**

*/s/ Michael J. Barrie*
Michael J. Barrie (PA No. 85625)
John C. Gentile (PA No. 322159)
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: mbarrie@beneschlaw.com
          jgentile@beneschlaw.com


Kevin M. Capuzzi (*pro hac vice*)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801-1611
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com

*Counsel for Plan Proponent LSC19, LLC*