IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| LEWIS M. IRVING, | : | Case No. 19-13930-amc |
| Debtor. | : | **RE: D.I. 86, 90** |

**LSC19, LLC'S RESERVATION OF RIGHTS AND
JOINDER TO THE UNITED STATES TRUSTEE'S MOTION
TO CONVERT OR DISMISS CASE AND SUPPORTING MEMORANDUM**

LSC19, LLC ("Lender"), as successor in interest to The Bancorp Bank ("Original Lender"), by and through its undersigned counsel, hereby respectfully submits this reservation of rights and joinder (the "Joinder") to the *United States Trustee's Motion to Convert or Dismiss Case and Supporting Memorandum* (the "Motion"). In support of this Joinder, Lender respectfully states as follows:

**RELEVANT BACKGROUND**

**The Bankruptcy Case**

1. On June 19, 2019 (the "Petition Date"), the Debtor commenced a voluntary case (the "Bankruptcy Case") by filing a petition for relief under chapter 11 of the Bankruptcy Code [D.I. 1] (the "Petition").

2. As of the date hereof, no request has been made for the appointment of a trustee or examiner and no statutory creditors' committee has been appointed.

**The Judgments**

3. Prior to the Petition Date, on or about April 17, 2013, the Original Lender initiated a lawsuit against the Debtor and Ms. Irving in the Court of Common Pleas of Delaware County (the "State Court"), Docket No. 2013-3654 (the "Money Damages Action"), seeking

money damages associated with the Debtor and non-debtor B. Vivian Irving's (a/k/a Bernice V. Irving, "Ms. Irving") defaults under certain loans in principal amounts of $100,000 (the "$100,000 Loan") and $850,000 (the "$850,000 Loan," and together with the $100,000 Loan, the "Loans") made to the Debtor and Ms. Irving on or about December 28, 2005.

4. On or about October 10, 2013, Original Lender filed a Complaint in Foreclosure in the State Court, Docket No. 2013-9899 (the "Foreclosure Action"), seeking a judgment of foreclosure related to certain real property commonly known as 2500 Concord Road, Chester Township, Pennsylvania 19013, and also identified as Parcel No. 07-00-00256-00 (the "Mortgaged Property"). The Mortgaged Property that served as collateral for the Loans.

5. On or about October 13, 2015, after a two-day non-jury trial, Original Lender obtained a Judgment of Foreclosure in the Foreclosure Action in the amount of $1,079,799.94 (the "Foreclosure Judgment"). On or about April 1, 2016, Original Lender also obtained a judgment against the Debtor and Ms. Irving in a separate action in the amount of $1,079,799.94 (the "Money Damages Judgment" and, together with the Foreclosure Judgment, the "Judgments").

6. Following several years of unsuccessful attempts by Original Lender to amicably resolve the Judgments, on or about June 13, 2019, the Judgments, as well as the related loan documents, were assigned to the Lender. Lender sought to execute on the Judgments.

7. Less than two days before a scheduled sheriff sale of the Mortgaged Property the Debtor filed a petition for protection (the "Chapter 11 Proceeding") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

8. Thereafter, on August 5, 2019, Lender filed a proof of claim (the "Proof of Claim") [Claim No. 9] in the Chapter 11 Proceeding in the amount of $1,363,872.58, plus six percent (6%) interest per year from the Petition Date (as defined herein).[1]

**Lender's Summary Judgment Motion and Proposed Liquidating Plan**

9. On October 31, 2019, Lender moved for summary judgment [D.I. 57] (the "Summary Judgment Motion") seeking, among other things, an allowed claim in the full amount set forth in the Proof of Claim. The Summary Judgment Motion remains pending before this Court and is set for hearing on January 8, 2020; the same date set for the hearing of the Motion.

10. On December 11, 2019 the Lender filed the Chapter 11 Liquidating Plan Proposed by Secured Lender LSC19, LLC [D.I. 76] (the "Lender's Plan") and the Disclosure Statement to Lender's Plan [D.I. 77] (the "Lender's DS").

11. On December 11, 2019, the Lender also filed its Motion for Entry of an Order Approving (i) the Disclosure Statement; (ii) Procedures for the Solicitation and Tabulation of Votes to Accept or Reject LSC19 LLC's Liquidating Plan; and (iii) Related Notice and Objection Procedures [D.I. 78] (the "Lender Voting Procedures Motion"). The Lender Voting Procedures Motion is also scheduled for hearing on January 8, 2020.

12. On December 12, 2019, the day after the Lender's Plan and DS were filed and 176 days after the Petition was filed, the Debtor filed an amended petition [D.I. 81] (the "Amended Petition"), selecting that the Debtor is both (i) a sole proprietor of a full- or part-time business and (ii) a small business debtor filing under chapter 11. Amended Petition at 4.

---

[1] The Lender has also moved for summary judgment [D.I. 57] (the "Summary Judgment Motion") seeking, among other things, an allowed claim in the full amount set forth in the Proof of Claim. A detailed description of the procedural and factual history leading up to the entry of the Judgments, including their full adjudication on the merits, is contained in the Summary Judgment Motion. The Summary Judgment Motion remains pending before this Court and is set for hearing on January 8, 2020.

13. On December 14, 2019, the Debtor filed his Plan of Reorganization Proposed by Debtor and Debtor-in-Possession Lewis M. Irving [D.I. 82] (the "Debtor's Plan"). No financial information was attached to the Debtor's Plan.

14. On December 15, 2019, the Debtor filed a motion to waive the requirement of a disclosure statement and to extend the 45-day period for confirmation under 11 U.S.C. § 1129(e) [D.I. 83] (the "DS Waiver Motion") noticed for hearing on January 8, 2020.

15. On December 19, 2019, the United States Trustee filed the Motion currently scheduled for hearing on January 8, 2020.

16. On December 20, 2019, the Debtor filed its response to the Lender Voting Procedures Motion [D.I. 88].

17. On December 21, 2019, the Debtor filed amended schedules A/B and D [D.I. 89].

18. On December 22, 2019, the Debtor filed its response to the Motion [D.I. 90].

19. On December 31, 2029, the Lender filed an objection to the DS Waiver Motion [D.I. 92] (the "Lender's Objection to Waiver").

20. This Joinder followed.

### RESERVATION OF RIGHTS AND JOINDER

21. The Lender joins the Motion for the reasons set forth therein.

22. The Lender reserves the right to supplement this Joinder and to make such other and further objections as it may deem necessary or appropriate, including, but not limited to, objecting to any proposed further or final order granting the Motion.

23. The Lender further reserves all rights, to include the right to be heard, with respect to its Proof of Claim, its Summary Judgment Motion, the Lenders Voting Procedures Motion and related Lender's Plan and DS, and the Lender's Objection to Waiver.

WHEREFORE, for the reasons set forth herein, the Lender respectfully joins the Motion with the reservations of rights described herein.

Dated: January 2, 2020

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

 /s/  *Michael J. Barrie*
Michael J. Barrie (PA No. 85625)
John C. Gentile (PA No. 322159)
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: mbarrie@beneschlaw.com
         jgentile@beneschlaw.com


Kevin M. Capuzzi (*pro hac vice*)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801-1611
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com

*Counsel for Plan Proponent LSC19, LLC*