# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
    LEWIS M. IRVING,                               : Chapter 7
            Debtor                                    : BANKR. No. 19-13930

## ORDER SCHEDULING EXPEDITED HEARING

AND NOW, this _____ day of January, 2020, upon consideration of the Debtor's Expedited Motion for Reconsideration of this Court's Order of January 8, 2020, converting this case to a Chapter 7 case, it is hereby ORDERED as follows:

1. The request for expedited hearing is GRANTED.

2. A hearing on the Motion for Reconsideration is scheduled on January___, 2020, at _____M. in Courtroom 4, 900 Market St., Philadelphia, PA. 19107.

3. The court's Order of January 8, 2020, shall be stayed until further order of this court.

4. Notice of the Motion and the hearing shall be given to the Debtor's creditors who have filed proofs of claim in this case or their counsel of record and the United States Trustee's Office by sendingcopies of this Order and the Motion and proposed Order by email or regular mail sent within 24 hours of the entry of this Order.

_____
J.

## IN THE UNITED STATES BANKRUPTCYCOURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| LEWIS M. IRVING, | | |
|       Debtor | : | BANKRUPTCY NO.  19-13930 |

### ORDER GRANTING MOTION TO RECONSIDER ORDER OF JANUARY 8, 2020,  GRANTING MOTION OF THE UNITED STATES TRUSTEE TO CONVERT THIS CASE TO A CHAPTER 7 CASE

AND NOW, this      day of February, 2020, upon consideration of the Debtor's Motion Requesting Reconsideration of This Court's Order of January 8, 2020, Granting the Motion of the United States Trustee to Convert This Case to a Chapter 7 Case, and any responses thereto, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. This Court's Order of January 8, 2020, converting this case to a Chapter 7 Case is VACATED.  All proceedings administering this case under Chapter 7 of the Bankruptcy Code are stayed pending further Order of this court.

3. A hearing to determine the disposition of the other matters before this court on January 8, 2020, is scheduled on February ___, 2020, at _____M.

                                                                                                                                   J.

**IN THE UNITED STATES BANKRUPTCYCOURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| LEWIS M. IRVING, | | |
|     Debtor | : | BANKRUPTCY NO. 19-13930 |

**DEBTOR'S EXPEDITED MOTION REQUESTING RECONSIDERATION OF THIS COURT'S ORDER OF JANUARY 8, 2020, GRANTING THE MOTION OF THE UNITED STATES TRUSTEE TO CONVERT THIS CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

1. This is a motion under Federal Rule of Bankruptcy ("FRBP") 9023, seeking to alter or amend this court's Order of January 8, 2020 ("the Order"), which granted the Motion of the United States Trustee ("the UST") to convert this case to a Chapter 7 case.

2. This case was filed by the Debtor under Chapter 11 of the Bankruptcy Code on June 19, 2019.

3. On November 13, 2019, many of the substantive matters filed in this case by LSC 19, LLC ("LSC"), the only active creditor in this case, and the Debtor were continued until January 8, 2020, including a Motion of LSC for adequate protection, an interim Stipulation resolving that motion temporarily, the Debtor's Objection to LSC's proof of claim, and a motion of the Debtor to compel discovery relevant to that Motion and Objection.

4. On December 11, 2019, LSC, without any prior notice to the Debtor, filed a Plan, a proposed Disclosure Statement relevant to that Plan and a motion seeking

approval of the Disclosure Statement and approval of voting procedures in connection with that plan.

5. On December 12, 2019, the Debtor filed an Amended Petition clarifying that this case met the definition of a "small business bankruptcy," and, on December 14, 2019, his own plan, and a motion to waive the filing of a disclosure statement, and establish a voting procedure for his plan. All of these matters were also scheduled on January 8, 2020.

6. On December 19, 2019, the UST, also without prior notice to the Debtor, filed a Motion to convert this case to a Chapter 7 case or dismiss this case.

7. Although the court's website fixed January 22, 2019, as the hearing date for any motions like that of the UST at issue, the UST, without seeking to expedite the hearing on its Motion, unilaterally scheduled its Motion for a hearing on January 8, 2020.

8. The UST's Motion articulated but two bases for its requested relief: the alleged failure of the Debtor to list one of many properties owned by the Debtor. and delinquencies in the filing of Monthly Operating Reports.

9. The Debtor filed an amendment to add the alleged missed property listing on on December 21, 2019. Although the Debtor was not provided with the appropriate small business reporting forms until December 23, 2019, all of the delinquent Monthly Reports were filed on January 3, 2020.

10. The Debtor responded to the UST's Motion on December 22, 2019, pointing out that the property-disclosure omission was understandable because the Debtor was only a co-signer on a loan secured by the property on which payments were

being currently made by a son who operated his own funeral home at the property; that the delinquent Monthly Operating Reports would be filed shortly (as they were); and that the scheduling of the hearing on the Motion on January 8, 2020, was improper and premature.

11. The hearing on the UST's Motion was in fact not listed on the hearing list for January 8, 2020, as of January 6, 2020.

12. Nevertheless, the UST Motion was heard on January 8, 2020, to the exclusion of all of the other matters in this case, including competing plans of reorganization and motions to provide for voting on those plans.

13. The Debtor fully cooperated with the UST in preparing a Stipulation of Facts to create a record on the UST Motion. The only issues cited therein were the alleged missed property listing and the late-filed Monthly Operating Reports.

14. At the hearing several other interested parties appeared and verbally articulated additional grounds to support the conversion of this case. Many of these statements were disputed and none were supported by any competent evidence.

15. This court appeared to rely, at least in part, upon these unsupported grounds in entering the Order at issue. The entire procedure was precipitous and unfair to the Debtor. The sole bases for the relief granted cited in the motion and supported by the record were minor delinquencies which did not justify the result, which may be calamitous to the elderly and ill Debtor and to most of his creditors.

16. The consequences of the court's order may result in the Debtor's loss of valuable properties and a valuable business which has a unique social value and which he

and his predecessors have spent generations and a long lifetime accumulating property and laboring to preserve.

17. The instant Motion is maintained pursuant to FRBP 9023, which incorporates Federal Rule Federal Rule of Civil Procedure ("FRCP") 59. Motions pursuant to FRBP 9023 or FRCP 59 are appropriate when there is either (1) an intervening change in the law; (2) availability of new evidence which was not available when the order was entered; and (3) a need to correct a clear error of law or a need to prevent a manifest injustice. See, e.g., Max's Seafood Café ex rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1990); and In re Reading Broadcasting, Inc., 386 B.R. 562, 567 (Bankr. E.D. Pa. 2008). Both criteria (2) and (3) may be invoked here, because the Motion was improperly prematurely heard, the Debtor had an inadequate opportunity to prepare a defense, which including pointing out that competing plans were on the table for voting which should have been completed before conversion of this case was considered.

18. Expedited consideration is requested because a Trustee has already been appointed and may proceed down a path of liquidation of the Debtor's assets which will not easily be undone. On the other hand, there is no apparent reason or unfair prejudice to any interested party in a slight delay in rushing to liquidate properties on which obligations are current except for the property secured by the disputed claims of LSC, on which the means of liquidation may be highly problematic.

WHEREFORE, the Debtor requests that this court will schedule an expedited hearing on this Motion; will stay its Order pending final

disposition of this Motion; and, at that hearing, will enter an

Order to vacate, alter, or amend the Order of January 8, 2020, converting

this case to a Chapter 7 case.

                                                      _____

                                                      /s/ DAVID A. SCHOLL
                                                      512 Hoffman Street
                                                      Philadelphia, Pennsylvania  19148
                                                      610-550-1765.
                                                      Attorney for Debtor