IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| LEWIS M. IRVING, | : | Case No. 19-13930-amc |
| | : | |
| Debtor. | : | **RE: D.I. 101 & 111** |
| | : | |

## LSC19, LLC'S OBJECTION TO DEBTOR LEWIS M. IRVING'S MOTION TO EXPEDITE HEARING AND TO STAY THE COURT'S JANUARY 8, 2020 ORDER

LSC19, LLC ("Lender"), as successor in interest to The Bancorp Bank ("Original Lender"), by and through its undersigned counsel, hereby respectfully submits this objection (the "Objection"):  (i) to Debtor Lewis M. Irving's (the "Debtor") request to expedite the hearing on the *Debtor's Expedited Motion Requesting Reconsideration of this Court's Order of January 8, 2020, Granting the Motion of the United States Trustee to Convert this Case to a Case Under Chapter 7 of the Bankruptcy Code* [D.I. 111] (the "Motion for Reconsideration"), and (ii) to stay the Court's January 8, 2020 *Order Converting Case* [D.I. 101] (the "Conversion Order").  In support of this Objection, Lender respectfully states as follows:

### RELEVANT BACKGROUND

1. Lender hereby incorporates by reference, as set forth fully herein, the facts and arguments set forth in *LSC19, LLC's Reservation of Rights and Joinder to the United States Trustee's Motion to Convert or Dismiss Case and Supporting Memorandum* [D.I. 94].

2. On January 8, 2020, following a lengthy hearing at which the Court heard from the Debtor, his son, and counsel for all parties present at the hearing (the "Hearing"), the Court entered the Conversion Order based upon the evidence presented at the Hearing and the record of this case irrefutably demonstrating that the Debtor has failed to fulfill his duties as a Chapter 11 debtor in possession.

3. At no point during the Hearing—even after the Court announced its intention to convert the case to Chapter 7 on several occasions—did the Debtor request a stay of the Court's decision.

4. Instead, the Debtor waited four days to file the Motion for Reconsideration, pursuant to which the Debtor requests an expedited hearing on the Motion for Reconsideration and to stay the Conversion Order.

5. In the time between the January 8th entry of the Conversion Order and the January 12th filing of the Motion for Reconsideration, a Chapter 7 Trustee was appointed [D.I. 107] and the Section 341 Meeting of Creditors was set for February 13, 2020 [D.I. 108].

## OBJECTION

6. The Debtor cites no authority for either his request to expedite the Motion for Reconsideration or to stay the Conversion Order. Likewise, he relies on wholly conclusory arguments that are unsupported by evidence. Those aspects of his Motion for Reconsideration should therefore be denied and Lender reserves all rights to respond to the merits of the Motion for Reconsideration once a proper, non-expedited objection deadline is established.

7. With respect to the Debtor's request for expedited relief, the request should be denied because the Debtor has failed to comply with Local Rule 5070-1(g). In particular, at no time during the four days following the entry of the Conversion Order did the Debtor attempt to "consult with all other interested parties to attempt to reach an agreement that an expedited hearing is appropriate and on the suggested hearing date or dates." Local Rule 5070-1(g)(1). Moreover, the Debtor has not identified "who the movant consulted with" or the "the agreement, if any, that resulted from the consultation with other interested parties[.]" *Id.* at 5070-1(g)(2)(B) and (C).

8. Aside from the procedural deficiency of his request for expedited relief, the Debtor has not met his burden to warrant expedited relief. Courts in this Circuit borrow the irreparable injury standard to determine if granting expedited relief is appropriate. *In re Combustion Eng'g*, No. 03-10495 JKF, 2003 Bankr. LEXIS 1044, at *3-4 (Bankr. D. Del. July 2, 2003).

9. The Debtor has not satisfied the irreparable injury standard. At most, the Debtor contends that the Chapter 7 Trustee "may proceed down a path of liquidation of the Debtor's assets which will not easily be undone." Motion for Reconsideration ¶ 18. As noted above, however, there is a still a month until the Section 341 Meeting of Creditors. The Trustee has not retained professionals (if any), hired a broker, established bidding procedures, or moved for authority to sell any assets. Thus, no imminent action by the Trustee would give rise to irreparable injury so as to justify granting the relief requested.

10. Based on the Debtor's procedural and substantive deficiencies, his request to expedite the hearing on the Motion for Reconsideration should be denied.

11. Likewise, the Debtor's request to stay the Conversion Order—which request is buried in the "wherefore" clause of his Motion for Reconsideration and appears nowhere else—should be denied.

12. It is well settled that to grant a stay pending appeal, or, as here, reconsideration of the Conversion Order, the Debtor "must establish (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay, (3) the prospect that others will be harmed if the court grants the stay, and (4) the public interest in granting the stay." *New Prods. Corp. v. Tibble (In re Modern Plastics Corp.)*, 536 B.R. 783, 790 (Bankr. W.D. Mich. 2015).

13. The Motion for Reconsideration does not even mention those elements, let alone try to establish them. Nonetheless, the proposed order granting expedited relief seeks to impose a stay, which is improper as the Debtor has utterly failed to meet his burden of proof.

14. Thus, the request to stay the Conversion Order should be denied in its entirety. Further, if the Court is inclined to hear the Motion for Reconsideration on an expedited basis, the request to stay the Conversion Order should be eliminated from the proposed order.

## RESERVATION OF RIGHTS

15. The Lender reserves the right to supplement this Objection and to make such other and further objections as it may deem necessary or appropriate, including, but not limited to, objecting to the merits of the Motion for Reconsideration once a proper, non-expedited objection deadline is established.

WHEREFORE, for the reasons set forth herein, the Lender respectfully requests that the Court deny both the Debtor's request to expedite the hearing on the Motion for Reconsideration and to stay the Conversion Order.

Dated: January 13, 2020

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

/s/ *Michael J. Barrie*
Michael J. Barrie (PA No. 85625)
John C. Gentile (PA No. 322159)
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: mbarrie@beneschlaw.com
       jgentile@beneschlaw.com

and

Kevin M. Capuzzi (*pro hac vice*)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801-1611
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com

*Counsel for LSC19, LLC*

5